**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| DAN HOTELS LTD, | ) |
| | ) |
|     Plaintiff, | ) |
| | )    CASE NO. |
| v. | ) |
| | ) |
| 2615 RIVERSIDE LLC D/B/A | ) |
| HOTEL KING DAVID | ) |
| | ) |
|     Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff Dan Hotels Ltd ("Plaintiff" or "Dan Hotels"), by its attorneys, brings this action against Defendant 2615 Riverside LLC d/b/a Hotel King David ("Defendant" or "2615 Riverside") and in support alleges the following:

## INTRODUCTION

1. Dan Hotels seeks damages and injunctive relief against Defendant for willful trademark infringement, unfair competition, false designation of origin, dilution, misappropriation, and other deceptive trade practices with respect to Defendant's use of the marks "HOTEL KING DAVID," "HKD," and "HKD SUPPER CLUB" in connection with offering hotel and restaurant services and other actions that are likely to confuse consumers. As alleged more fully below, Defendant's use of these marks, which is confusingly similar to Dan Hotels' own KING DAVID® Marks (as defined hereinafter) poses a likelihood of confusion as to source, authorization, affiliation, connection, endorsement, or association between Dan Hotels and Defendant. Dan Hotels has not authorized or permitted Defendant to use its KING

DAVID® Marks or any colorable imitations of its marks in connection with Defendant's competitive hotel and restaurant services.  Unless addressed by this Court, Defendant's conduct will continue to result in a likelihood of consumer confusion and irreparable injury to Dan Hotels.

**THE PARTIES**

2.    Plaintiff Dan Hotels is a corporation organized and existing under the laws of Israel with its principal place of business at 111 Hayarkon Street, Tel-Aviv – Yafo, Israel 63571.

3.    On information and belief, Defendant 2615 Riverside is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business at 2615 Riverside Drive, Houston, Texas 77004.

**JURISDICTION AND VENUE**

4.    This Court has jurisdiction over this dispute pursuant to 15 U.S.C. §1121, 28 U.S.C. § 1331, and 28 U.S.C. §§1338(a) and (b), as this action arises under the Lanham Act (15 U.S.C. §§ 1051 *et seq.*) for claims of statutory trademark infringement, unfair competition, and dilution; common law trademark infringement; common law unfair competition; common law misappropriation; and dilution pursuant to Tex. Bus. & Com. C. § 16.103, which are joined with, and substantially related to, the claims under the trademark laws of the United States, pursuant to 28 U.S.C. § 1338(b).

5.    This Court has supplemental jurisdiction over the state law claims of this Complaint pursuant to 28 U.S.C. §1367(a).

6.    The Court has jurisdiction over Defendant because it was established under the laws of the State of Texas and because it resides and transacts business within the State of Texas

Page 2

and in this District.  It has also caused tortious injury in this District by its acts within this District.

7.    Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c), as Defendant resides in this District and because a substantial part of the claims and causes of action alleged herein against Defendant arose in this District.

## FACTUAL BACKGROUND

### Dan Hotels' Business and the KING DAVID® Marks

8.    Plaintiff Dan Hotels operates an extensive international chain of luxury hotels, including the famous King David Hotel ("King David") located in Jerusalem, which opened in 1931.

9.    King David hosts approximately 100,000 guests each year, which includes tens of thousands of guests traveling from the United States.

10.    Additionally, King David hosts heads of state, dignitaries, politicians, and celebrities. In the past, it has hosted U.S. Presidents Richard Nixon, Gerald Ford, Jimmy Carter, Bill Clinton, George W. Bush, Barack Obama, and Donald Trump, as well as American celebrities including Madonna, Elizabeth Taylor, Jacqueline Kennedy Onassis, Henry Kissinger, Paul Newman, Isaac Stern, and Justin Bieber, among many others.

11.    Since at least as early as 1931, Dan Hotels and its predecessors-in-interest have continuously used the highly distinctive mark KING DAVID® to market and promote its hotel, lodging and fine dining services in the United States.

12.    On August 7, 2018, the United States Patent and Trademark Office ("USPTO") issued U.S. Trademark Registration No. 5,536,433 (the "'433 Registration") for the mark KING DAVID for "hotel services; providing temporary accommodations at hotels; providing temporary

accommodation; rental of temporary accommodation; reservation of temporary accommodation; providing information in the field of temporary lodging and accommodations; providing planning in the field of temporary accommodations, namely, booking of temporary accommodations; hotel, resort lodging and motel services; providing banquet facilities for special occasions; making hotel reservations for others; hotel services, namely, facilitating check-in and check-out on the premises; provision of premises and facilities for conferences, general purpose conventions, exhibitions, and meetings" (the "'433 Registration Services") in International Class 43.  A true and correct copy of this registration from the official website of the USPTO showing the current ownership and status of the '433 Registration is attached as **Exhibit A**.

13.    The '433 Registration has obtained incontestable status under United States trademark law pursuant to the provisions of 15 U.S.C. § 1065.

14.    On June 11, 2024, the USPTO issued U.S. Trademark Registration No. 7,410,960



(the "'960 Registration") for the mark                    for "hotel services; providing temporary accommodations at hotels; providing temporary accommodation; rental of temporary accommodation; reservation of temporary accommodation; providing information in the field of temporary lodging and accommodations; providing planning in the field of temporary accommodations, namely, booking of temporary accommodations; hotel, resort lodging and motel services; providing banquet facilities for special occasions; making hotel reservations for

others; hotel services, namely, facilitating check-in and check-out on the premises; provision of premises and facilities for conferences, general purpose conventions, exhibitions, and meetings" (the "'960 Registration Services") in International Class 43.  A true and correct copy of the '960 Registration from the official website of the USPTO showing the current ownership and status of the registration is attached as **Exhibit B**.

15.     In addition to the '433 Registration Services and '960 Registration Services, Dan Hotels has continuously used the KING DAVID® mark in connection with fine dining services. Collectively, the fine dining services, the '960 Registration Services, and the '433 Registration Services are referred to as the "KING DAVID® Services."

16.     The mark KING DAVID®, the '433 Registration, and the '960 Registration are collectively referred to herein as the "KING DAVID® Marks."

17.     Dan Hotels is the owner of all right, title, and interest in and to the KING DAVID® Marks.

18.     The '433 Registration and '960 Registration are in full force and effect on the USPTO's Principal Register, giving rise to presumption in favor of Dan Hotels with respect to validity, ownership, and exclusive rights to use such KING DAVID® Marks throughout the United States.

19.     Dan Hotels has devoted substantial time, effort, and resources to the development and extensive promotion of the KING DAVID® Marks and the KING DAVID® Services offered thereunder.

20.     As a result of Dan Hotels efforts, the KING DAVID® Marks are an indicator of source and quality of the Dan Hotels Services and enjoy a high degree of consumer recognition in the United States.

21.     Additionally, over its nearly one hundred (100) years of operation and in light of Dan Hotels' extensive advertising and substantial sales in the United States and to residents of the United States, the KING DAVID® Marks have become famous among the consuming public as identifying the KING DAVID® Services.

22.     *Leading Hotels of the World* describes King David as "a hotel fit for royalty," noting that it "is the historic home away from home for global heads of state." *See A Hotel Fit for Royalty*, The Leading Hotels of the World, https://www.lhw.com/hotel-experiences/king-david-hotel-jerusalem-israel (last visited June 1, 2026), a printout of which is attached hereto as **Exhibit C**.

23.     The international travel fare website and search engine Orbitz has recognized King David as one of the world's eight most legendary hotels. *See* Laura Powell, *The World's 8 Most Legendary Hotels*, Orbitz (Feb. 28, 2017), https://www.orbitz.com/blog/2017/02/most-legendary-classic-hotels-in-the-world/ (last visited June 1, 2026), a printout of which is attached hereto as **Exhibit D**.

24.     King David has received countless awards, including the Reader's Choice Award by *Conde Nast Traveler*.

25.     King David is consistently ranked in the world's top 100 hotels.

26.     As a result of over 100 years of substantially exclusive and continuous use, advertising, marketing, and promotion of the KING DAVID® Marks by Dan Hotels, the KING DAVID® Marks have developed substantial fame, goodwill, and reputation among the consuming public in the State of Texas and throughout the entire United States.

**Defendant and Defendant's Unauthorized Use of the KING DAVID® Marks**

27.     Defendant registered 2615 Riverside LLC d/b/a Hotel King David with the Texas Secretary of State on or about July 15, 2020.

28.     Defendant filed an assumed name certificate for "The Hotel King David" with the Texas Secretary of State on December 10, 2021. A true and correct copy of the assumed name certificate for filing with the Secretary of State is attached hereto as **Exhibit E**.

29.     Defendant is engaged in the promotion and sale of dining services and promoting and/or actively planning the sale of hotel services (the "Defendant's Services") in connection with the marks HOTEL KING DAVID, HKD, and HKD SUPPER CLUB (the "Infringing Marks").

30.     Defendant has no relationship to Dan Hotels. Defendant is not a licensee or franchisee of Dan Hotels.

31.     Defendant's HOTEL KING DAVID mark incorporates Dan Hotels' KING DAVID® mark in its entirety, and Defendant's HKD SUPPER CLUB mark includes the term "KD" in its entirety only adding an "H" to make an acronym of "HOTEL KING DAVID."

32.     The HKD SUPPER CLUB mark is sometimes also used as part of a logo, including the term "HKD" below a crown design, nearly identical to the '960 Registration, which has the term "KD" below a crown design, as shown below:

| **Dan Hotels' Logo** | **Defendant's Logos** |
|:---:|:---:|
|  |  |

33.    The crown design used by Defendant is also highly similar to the crown design used by Dan Hotels:

| **Dan Hotels' Crown Design** | **Defendant's Crown Design** |
|:---:|:---:|
|  |  |

34.    Defendant uses the Infringing Marks in its trade name, on the website https://www.hkdsupperclub.com/, on social media accounts (including Facebook at www.facebook.com/supperclubhtx and Instagram at www.instagram.com/hkd_supperclub), and in other advertising and marketing materials, including advertisements through third-party websites (including at www.dbuerli.com/portfolio/hotel-king-david/ and https://www.exploretock.com/supperclubhtx/), as shown in the screenshots attached hereto as **Exhibit F**.

35.    Defendant's use of the Infringing Marks began long after Dan Hotels acquired protectable exclusive rights and fame in the KING DAVID® Marks.

36. Defendant promotes, sells, and provides Defendant's Services in connection with the Infringing Marks, which are identical and/or closely related to the KING DAVID® Services.

37. Defendant promotes, sells, and distributes Defendant's Services in connection with the Infringing Marks through identical and similar trade channels as those used by Dan Hotels.

38. The Infringing Marks that have been adopted and are being used by Defendant are confusingly similar to the KING DAVID® Marks.

39. Defendant's use of the Infringing Marks is likely to cause or has already caused consumer confusion as to the source, authorization, sponsorship, connection, endorsement, or affiliation of Defendant's Services.

40. Consumers are likely to believe that Defendant is authorized, approved, sponsored, or endorsed by or otherwise affiliated with Dan Hotels, which is false.

41. Dan Hotels has not consented to, sponsored, endorsed, or approved of Defendant's use of the KING DAIVD® Marks or any variations thereof in connection with the sales or provision of any goods or services, including hotel and/or dining services.

42. Defendant has constructive notice of Dan Hotels' prior rights in the KING DAVID® Marks because of Dan Hotels' federal trademark registrations for the KING DAVID® Marks.

43. Dan Hotels became aware of Defendant's unauthorized use of the KING DAVID® Marks on or about October 15, 2025, when Defendant's counsel contacted Dan Hotels' USPTO attorneys of record, "request[ing] consent and/or co-existence *given the similarity of the names* prior to proceeding with an application for registration." (emphasis added). A true and correct copy of this correspondence is attached hereto as **Exhibit G**.

44.     Prior to filing the instant Complaint, on November 10, 2025, Dan Hotels' counsel sent a cease and desist letter via email and FedEx to Defendant's Counsel in response to her October 15, 2025 request, notifying Defendant of Dan Hotels' rights in the KING DAVID® Marks and the likehood of consumer confusion resulting from Defendant's unauthorized use of the KING DAVID® Marks and demanding that Defendant immediately cease all use of the KING DAVID® Marks, a copy of which is attached hereto as **Exhibit H**.

45.     FedEx Tracking information confirms the November 10, 2025 cease and desist letter was delivered to Defendant's Counsel on November 11, 2025. A copy of the transaction record and delivery information available on www.fedex.com are attached as **Exhibit I**.

46.     On November 25, 2025, Dan Hotels' counsel sent a follow-up email to Defendant's Counsel, a copy of which is attached hereto as **Exhibit J**.

47.     On December 2, 2025, Dan Hotels' counsel sent another follow-up email to Defendant's Counsel, a copy of which is attached hereto as **Exhibit K**.

48.     On December 29, 2025, Dan Hotels' counsel forwarded a final follow-up email to Defendant's counsel, a copy of which is attached hereto as **Exhibit L**.

49.     Dan Hotels' counsel received email correspondence from Defendant's counsel on January 5, 2026, confirming that Dan Hotels' "correspondence [was] received and reviewed" but that "[Defendant] will not make any written assurances to [Dan Hotels' counsel] / [Dan Hotels] at this time." A copy of this correspondence is attached hereto as **Exhibit M**.

50.     Despite receiving several demands to cease and desist the use of the KING DAVID® Marks, Defendant has continued and is continuing to use the Infringing Marks on Defendant's advertising and marketing materials in United States commerce in connection with Defendant's Services.

51. Defendant has actual notice of Dan Hotels' rights in the KING DAVID® Marks because Dan Hotels informed Defendant of its rights in multiple written communications, through counsel, prior to filing of the instant Complaint. *See* **Exhibits H–L**.

52. Despite such receipt and notice of its infringing actions, Defendant has yet to respond substantively to Dan Hotels' correspondence or comply with Dan Hotels' demands.

53. Despite such constructive and actual notice, Defendant has willfully ignored Dan Hotels' rights in the KING DAVID® Marks by continuing to use the Infringing Marks in connection with the promotion, sale, and distribution of Defendant's Services.

54. Defendant continues to use the Infringing Marks knowingly in violation of Dan Hotels' trademark rights.

55. Defendant's continued use of the Infringing Marks after Defendant's constructive and actual notice of Dan Hotels' rights in the KING DAVID® Marks evidences Defendant's bad faith use of the KING DAVID® Marks.

56. Defendant's continued use of the Infringing Marks is willful and deliberate and reflects Defendant's intent to confuse consumers and profit from the goodwill and consumer recognition associated with the KING DAVID® Marks.

57. Defendant's failure to comply with Dan Hotels' demands demonstrates a deliberate intent to continue to wrongfully compete with Dan Hotels and to willfully infringe Dan Hotels' rights in the KING DAVID® Marks.

58. Defendant's use of the Infringing Marks is causing, and unless restrained, will continue to cause, damage and immediate irreparable harm to Dan Hotels and to its valuable

reputation and goodwill with the consuming public for which Dan Hotels has no adequate remedy at law.

### COUNT ONE
### (Infringement of a Federally Registered Service Mark under 15 U.S.C. § 1114(1)(a))

59.    Dan Hotels incorporates by reference the preceding paragraphs as if fully restated herein.

60.    Dan Hotels has been damaged by Defendant's wrongful and unauthorized use of the Infringing Marks in commerce and interstate commerce.

61.    Defendant's use of the Infringing Marks causes a likelihood of consumer confusion, mistake, and deception with the KING DAVID® Marks and constitutes an infringing use of the KING DAVID® Marks in violation of 15 U.S.C. § 1114.

62.    Defendant has committed the foregoing acts of infringement with full knowledge of Dan Hotels' prior rights in the KING DAVID® Marks and with the willful intent to cause confusion and trade on Dan Hotels' goodwill.

63.    Defendant's conduct is causing immediate and irreparable harm and injury to Dan Hotels, and to its goodwill and reputation, and will continue to both damage Dan Hotels and confuse the public unless enjoined by this Court. Dan Hotels has no adequate remedy at law. An award of monetary damages alone cannot fully compensate Dan Hotels for its injuries.

64.    Dan Hotels is entitled to, among other relief, an injunction prohibiting the Defendant's infringement and an award of actual damages and Defendant's profits made on sales of its services, and the costs of this action, together with prejudgment and post-judgment interest. Furthermore, on information and belief, Defendant's actions were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case

entitling Dan Hotels to recover additional treble damages, reasonable attorneys' fees, and prejudgment and post-judgment interest. *See* 15 U.S.C. §§ 1116, 1117.

## COUNT TWO
**(Federal Unfair Competition and False Advertising Under 15 U.S.C. § 1125(a))**

65.     Dan Hotels incorporates by reference the preceding paragraphs as if fully restated herein.

66.     Defendant's use of the Infringing Marks violates 15 U.S.C. § 1125(a) because Defendant's use of the Infringing Marks in commercial advertising and promotions misrepresents the nature, characteristics, qualities, or geographic origin of Defendant's services—for example, misrepresenting that Dan Hotels endorses or is affiliated with Defendant's Services. Such statements made to consumers are material.

67.     Defendant's use of the Infringing Marks causes a likelihood of confusion, and Dan Hotels can properly insist that its reputation should not be imperiled by the acts of another over which Dan Hotels has no control.

68.     Defendant's actions and omissions have been and continue to be willful and deliberate, designed to trade upon the consumer goodwill enjoyed by Dan Hotels.

69.     Dan Hotels' goodwill is of substantial value. Dan Hotels is suffering and will continue to suffer irreparable harm if Defendant's unfair competition as to the Infringing Marks is allowed to continue.

70.     Defendant's acts constitute unfair competition and false advertising in violation of 15 U.S.C. § 1125(a).

71.    Defendant's unfair competition will continue unless enjoined by this Court. An award of monetary damages alone cannot fully compensate Dan Hotels for its injuries.  Dan Hotels lacks an adequate remedy at law.

72.    Dan Hotels is entitled to, among other relief, injunctive relief and an award of actual damages and Defendant's profits made on sales of its products and services, and the costs of this action, together with prejudgment and post-judgment interest. Furthermore, Defendant's actions were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Dan Hotels to recover additional treble damages, reasonable attorneys' fees, and prejudgment and post-judgment interest.  *See* 15 U.S.C. §§ 1116, 1117.

## COUNT THREE
### (Federal False Designation of Origin and Passing Off under 15 U.S.C. § 1125(a))

73.    Dan Hotels incorporates by reference the preceding paragraphs as if fully restated herein.

74.    Defendant is likely to cause confusion, mistake or deception as to the source or affiliation of Defendant's services.

75.    Defendant's unauthorized use of the Infringing Marks falsely indicates to consumers that Dan Hotels or its agents are connected with, sponsored, endorsed, authorized, or approved by, or affiliated with Defendant, or that Defendant is connected with, sponsored, endorsed, authorized, or approved by or affiliated with Dan Hotels.

76.    Defendant's unauthorized use of the Infringing Marks allows Defendant to receive the benefit of Dan Hotels' goodwill, which Dan Hotels has established at great labor and

expense, and allows Defendant to gain acceptance of its services, based not on their own qualities, but on the reputation, investment, hard work, and goodwill of Dan Hotels.

77.     Defendant's acts constitute a false designation of origin and passing off in violation of 15 U.S.C. § 1125(a). An award of monetary damages alone cannot fully compensate Dan Hotels for its injuries.

78.     Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Dan Hotels, and to its goodwill and reputation, and will continue to both damage Dan Hotels and confuse the public unless enjoined by this Court. Dan Hotels has no adequate remedy at law.

79.     Dan Hotels is entitled to, among other relief, injunctive relief and an award of actual damages and Defendant's profits made on sales of its products and services, and the costs of this action, together with prejudgment and post-judgment interest.  Furthermore, the Defendant's actions were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Dan Hotels to recover additional treble damages, reasonable attorneys' fees, and prejudgment and post-judgment interest.  *See* 15 U.S.C. §§ 1116, 1117.

## COUNT FOUR
### (Federal Trademark Dilution under 15 U.S.C. § 1125(c))

80.    Dan Hotels incorporates by reference the preceding paragraphs as if fully restated herein.

81.    The KING DAVID® Marks are inherently distinctive.

82.    By virtue of significant long-time use, advertisement, and promotion of the KING DAVID® Marks in the United States, such marks became famous and well-recognized by the consuming public long before the Defendant's adoption of the Infringing Marks.

83.    Defendant's actions and specifically, without limitation, Defendant's unauthorized use of the Infringing Marks in commerce to advertise, market, and sell hotel and restaurant services commencing long after Dan Hotels acquired fame in the distinctive KING DAVID® Marks are likely to cause dilution by blurring of the KING DAVID® Marks in violation of 15 U.S.C. § 1125(c).

84.    The Defendant's actions, if not enjoined, will continue. Dan Hotels has suffered and continues to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the KING DAVID® Marks, and injury to Dan Hotels' business.  Dan Hotels is therefore entitled to injunctive relief.  *See* 15 U.S.C. §§ 1116, 1125(c).

85.    The Defendant's actions described above were and continue to be deliberate and willful.  Dan Hotels is therefore entitled to recover damages in an amount to be determined at trial, profits made by Defendant on sales of its products and services, and the costs of this action, together with prejudgment and post-judgment interest.  *See* 15 U.S.C. § 1117.

## COUNT FIVE
### (Common Law Trademark Infringement Under the Laws of the State of Texas)

86.    Dan Hotels incorporates by reference the preceding paragraphs as if fully restated herein.

87.    Dan Hotels has acquired ownership rights in, and rights to the exclusive use of, the KING DAVID® Marks under the common laws of the State of Texas, among other states.

88.    The KING DAVID® Marks are eligible for protection by Dan Hotels under the common law of the State of Texas.

89.    Dan Hotels used the KING DAVID® Marks prior to the time Defendant commenced its unlawful use of the Infringing Marks in commerce in connection with Defendant's competing services.

90.    There is a likelihood of confusion between the KING DAVID® Marks and the Infringing Marks wrongfully used by Defendant.

91.    By reason of the foregoing, Dan Hotels has been and will continue to be irreparably harmed and damaged.  Dan Hotels' remedies at law are inadequate to fully compensate for this harm and damage, and injunctive relief is appropriate.

## COUNT SIX
### (State Unfair Competition Under the Laws of the State of Texas)

92.    Dan Hotels incorporates by reference the preceding paragraphs as if fully restated herein.

93.    Defendant's continued use of the Infringing Marks has been, and continues to be, likely to cause confusion, or to cause mistake, or to deceive as to whether Defendant's Services are affiliated, connected, or associated with, or sponsored by, Dan Hotels in violation of the common law of the State of Texas.  Defendant's actions are to the detriment of Dan Hotels'

hard-won goodwill.  Defendant has acted, and continue to act, willfully and in intentional disregard of Dan Hotels' rights.  Such unlawful acts constitute unfair competition under the laws of the State of Texas.

94.     By reason of the foregoing, Dan Hotels has been and will continue to be irreparably harmed and damaged.  Dan Hotels' remedies at law are inadequate to fully compensate for this harm and damage, and injunctive relief is appropriate.

## COUNT SEVEN
### (Violation of Texas Dilution Statute, Tex. Bus. & Com. C. § 16.103)

95.     Dan Hotels incorporates by reference the preceding paragraphs as if fully restated herein.

96.     The KING DAVID® Marks are distinctive and became famous in Texas and the United States long before the use of the Infringing Marks by the Defendant in Texas.

97.     The acts complained of herein have injured and are likely to further injure Dan Hotels' business reputation and/or to cause dilution by blurring of the distinctive quality of the KING DAVID® Marks.

98.     Defendant has willfully chosen to trade on Dan Hotels' reputation and to dilute the KING DAVID® Marks.

99.     By reason of the foregoing, Dan Hotels has been and will continue to be irreparably harmed and damaged.  Dan Hotels' remedies at law are inadequate to fully compensate for this harm and damage, and injunctive relief is appropriate.

## COUNT EIGHT
### (Misappropriation)

100.    Dan Hotels incorporates by reference the preceding paragraphs as if fully restated herein.

101.    The acts complained of herein constitute misappropriation by Defendant of the KING DAVID® Marks, under which Dan Hotels has been, and is, doing business, in violation of the common laws of the State of Texas.

102.    By reason of the foregoing, Dan Hotels has been and will continue to be irreparably harmed and damaged.    Dan Hotels' remedies at law are inadequate to fully compensate for this harm and damage, and injunctive relief is appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dan Hotels respectfully requests the following relief:

A.    A judgment in favor of Dan Hotels on all counts of the Complaint;

B.    An order and judgment preliminarily and permanently enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with it, and any parents, subsidiaries, divisions, successors and assigns, from directly or indirectly infringing the KING DAVID® Marks or using any other mark similar to or likely to cause confusion with the KING DAVID® Marks; from passing off Defendant's services as being associated with and or sponsored or affiliated with Dan Hotels; from committing any other unfair business practices tarnishing the KING DAVID® Marks; from using or registering any name with any secretary of state or other agency that incorporates "KING DAVID," "KD," "HKD" or any variant of the KING DAVID® Marks; and from committing any other unfair business practices directed toward devaluing or diminishing the brand or business of Dan Hotels;

C.    An order granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant is in any way approved, endorsed, licensed, sponsored, authorized, or

associated, affiliated, or otherwise connected with Dan Hotels or constitute or are connected with Dan Hotels' services, including without limitation removal of any listing on the Internet or in social media for the Defendant;

D.      An order directing Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, containers, advertisements, signs, displays, websites, social media accounts, telephone directories and any and all other materials that feature or bear any designation or mark incorporating the KING DAVID® Marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of, and to direct third party that advertises, promotes, sells, or offers for sale Defendant's services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all services, packaging, labels, catalogs, containers, advertisements, signs, displays, and other materials featuring or bearing "KING DAVID," "KD," "HKD" or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the KING DAVID® Marks, and to immediately remove them from public access and view;

E.      An order directing that Defendant recall and deliver to Dan Hotels for destruction or other disposition all goods, packaging, containers, advertisements, promotions, signs, displays, and related materials incorporating or bearing the KING DAVID® Marks or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of the KING DAVID® Marks;

F.      An order directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Dan Hotels' counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the

court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith;

G.      Actual damages suffered by Dan Hotels as a result of Defendant's unlawful conduct, including a sum up to three times such amount, according to the circumstances of this case, including pursuant to 15 U.S.C. § 1117(a);

H.      Reasonable funds to be calculated for future corrective advertising;

I.      An order directing that Defendant account to and pay over to Dan Hotels all profits realized by its wrongful acts, including pursuant to 15 U.S.C. § 1117(a), enhanced as appropriate to compensate Dan Hotels for the compensatory damages caused thereby;

J.      An award of Dan Hotels' reasonable attorney fees and costs, including pursuant to 15 U.S.C. § 1117(a);

K.      An award of interest to Dan Hotels, including pre-judgment and post-judgment interest, on the foregoing sums; and

L.      Such other relief as the Court deems just and proper.

Dated:  June 2, 2026

Respectfully submitted,


_/s/Charles S. Baker_____
Charles S. Baker
Attorney-in-Charge
Texas State Bar No. 01566200
S.D. Tex. No. 024496
**TROUTMAN PEPPER LOCKE LLP**
600 Travis Street, Suite 2800
Houston, TX 77002
Telephone:      713.226.1123
Email:              charles.baker@troutman.com

Michael D. Hobbs Jr.
_Pro Hac Vice Forthcoming_
**TROUTMAN PEPPER LOCKE LLP**
600 Peachtree Street, N.E., Suite 3000
Atlanta, GA 30308-2216
Telephone:      404.885.3000
Email:              michael.hobbs@troutman.com

Brooke R. Watson
_Pro Hac Vice Forthcoming_
**TROUTMAN PEPPER LOCKE LLP**
301 S. College Street, 34th Floor
Charlotte, NC 28202
Telephone:      704.998.4050
Email:              brooke.watson@troutman.com


_Attorneys for Plaintiff Dan Hotels Ltd_